OPINION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Erie County Common Pleas Court wherein appellant, Gary Ewers, was found guilty by a jury of domestic violence, a violation of R.C. 2919.25(A).
A trial commenced April 29, 1997. Patrolmen Jose Garcia and James Fitzpatrick testified they were on duty the evening of December 4, 1996 when they received a call regarding an alleged domestic violence incident at 928 Market Street, Sandusky, Ohio. At that location, they found Sheila Hensley, extremely upset and bleeding from her forehead. Hensley told them she had been assaulted by appellant. Specifically, Hensley told them she was attempting to talk to appellant when he grabbed her by her hair and punched her several times in the face. He also threw a glass at her. Appellant had since left the apartment. Hensley told the patrolmen that she had been dating appellant and that they had lived together for approximately a month. That evening, appellant was arrested. He denied being anywhere near Hensley that evening. Patrolman Fitzpatrick noted that appellant had several spots of fresh blood on his clothing.
Terry Hensley testified that he is the brother of Sheila Hensley. On the evening of December 4, 1996, he received a phone call from his sister who sounded upset. Terry Hensley testified that she told him that appellant had punched her in the head. Terry Hensley immediately went to his sister's apartment and called the police.
The jury found appellant guilty of domestic violence on April 30 1997. The jury further found that appellant had previously been convicted of a domestic violence offense. He was sentenced to a year in prison. Appellant now appeals setting forth the following assignment of error:
 "I. THE EVIDENCE PRESENTED BY THE STATE OF OHIO AT THE TRIAL OF THE WITHIN MATTER WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN A CONVICTION AGAINST THE APPELLANT AND THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S. Ct. 2781, 61 L.Ed.2d 560. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, supra, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, supra, at 387. Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.Thompkins, supra, at 387. In so doing, the court of appeals sits as a "thirteenth juror." and after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id, citation omitted. Determinations of witness credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
The elements of R.C. 2919.25(A) are as follows: "[N]o person shall knowingly cause or attempt to cause physical harm to a family or household member."
Appellant first contends that the state did not prove that Sheila Hensley was "a family or household member." We disagree. R.C. 2919.25(E) states:
 "(1) "Family or household member" means any of the following:
 (a) Any of the following who is residing or has resided with the offender:
 (i) A spouse, a person living as a spouse, or a former spouse of the offender;
 (ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 (iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.
 (b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent.
 (2) "Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question."
Interpreting this statute, the Supreme Court of Ohio held: "[C]learly, the General Assembly believed that an assault involving a family or household member deserves further protection than an assault on a stranger. * * * the offense of domestic violence, as expressed in R.C. 2919.25(E)(1)(a) and related statutes, arises out of the relationship of the parties rather than their exact living circumstances." State v. Williams
(1997), 79 Ohio St.3d 459, 463-464. The court further stated:
 "Having considered the * * * definitions of "cohabitant" and "family or household member," we conclude that the essential elements of "cohabitation" are (1) sharing of familial or financial responsibilities and (2) consortium. R.C. 2919.25(E)(2) and related statutes. Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations. These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact." Id. at 465.
Patrolman Garcia testified that Sheila Hensley stated she had been dating appellant. Patrolmen Garcia and Fitzpatrick both testified that Sheila Hensley stated that appellant had been living with her for approximately a month. Terry Hensley testified that appellant was his sister's boyfriend but he could not say for sure whether or not the two were living together as he "didn't visit her that often * * *." Major Ruffin of the Sandusky Police Department, the officer who arrested appellant on the evening of December 4, 1996, testified that appellant told him he lived at a warehouse. Appellant did not give Major Ruffin an address for the warehouse.
We can only conclude from the verdict in this case that the jury believed the testimony of Patrolmen Garcia and Fitzpatrick. Finding no evidence that the jury created a
miscarriage of justice or lost its way, we find appellant's argument to be without merit.
Appellant also challenges his conviction based on the fact that the victim did not testify at trial. Appellant contends his right to confrontation was violated.
The United States Supreme Court has held that "since the Confrontation Clause and the hearsay rules are designed to protect similar values, the former is not violated by the admission of hearsay statements made by a third party, who does not testify at trial, if the statements fall within a firmly rooted hearsay exception because such statements bear the requisite `indicia of reliability'." Lakewood v. Reese (March 20, 1997), Cuyahoga App. No. 70193, unreported; citing Ohio v. Roberts (1980),448 U.S. 56, 66.
Evidence Rule 803 states: "[T]he following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * * (2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
Patrolman Garcia testified that when he arrived at her apartment, Sheila Hensley's hands were shaking, she was crying and she was "very, very excited." Patrolman Fitzpatrick testified that she was crying and very excited. At that moment, she identified appellant as the person who had assaulted her. Based on the foregoing, we conclude that Sheila Hensley's statements fell with the firmly rooted hearsay exception of excited utterance. As such, appellant's right to confrontation was not violated. Moreover, the jury in this case found the patrolmen as well as Terry Hensley to be credible regarding the identity of the person who assaulted Sheila Hensley. This determination will not be disturbed on appeal. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Erie County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. JUDGE
James R. Sherck, J. JUDGE
Mark L. Pietrykowski, J. JUDGE
CONCUR.